Weng v. Sessions

BIA
Christensen, IJ
A205 438 436

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of July, two thousand seventeen.

PRESENT:
>        REENA RAGGI,
>        RICHARD C. WESLEY,
>        DENNY CHIN,
>             *Circuit Judges.*

_____

XIU YING WENG,
>        *Petitioner,*

>        v.                                          16-84
>                                                    NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Zhou Wang, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Cindy S.
                         Ferrier, Assistant Director; Surell
                         Brady, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiu Ying Weng, a native and citizen of the People's Republic of China, seeks review of a December 16, 2015, decision of the BIA affirming a July 22, 2014, decision of an Immigration Judge ("IJ") denying Weng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Ying Weng,* No. A205 438 436 (B.I.A. Dec. 16, 2015), *aff'g* No. A205 438 436 (Immig. Ct. N.Y. City July 22, 2014). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005).* The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on an applicant's

---

* Weng does not challenge the denial of her asylum application as untimely. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

2

"demeanor, candor, or responsiveness," as well as discrepancies between an applicant's and witness's testimony, between an applicant's oral and written statements, and between an applicant's testimony and other record evidence.  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's adverse credibility ruling, which was based on multiple inconsistencies between Weng's and her sister's testimony regarding their church attendance in the United States, as well as their lack of candor regarding Weng's sister's two-month trip to China, and an inconsistency between Weng's testimony and her asylum application regarding the number of times she was fined for violating the family planning policy.  Taken together, these are material discrepancies that call into question whether Weng is, or was, a practicing Christian, and what, if any, harm she suffered under the family planning policy.  *See Xiu Xia Lin*, 534 F.3d at 167; *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006).

The agency reasonably determined that Weng's corroborating evidence did not rehabilitate her credibility, particularly because the letter from her church in China did not mention that the church had been raided by police. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *see also Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 (an inconsistency and an omission are "functionally equivalent" for credibility purposes). The agency also reasonably gave diminished weight to the letters from Weng's husband and other relatives and friends in China because these letters were authored by witnesses who were not available for cross-examination. *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

Given the discrepancies relating to Weng's religious practice and her violations of the family planning policy, as well as her lack of rehabilitative corroborating evidence, the totality of the circumstances supports the agency's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167; *Xian Tuan Ye*, 446 F.3d at 295-96. Because Weng's claims were all based on the same factual predicates, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). We therefore do not reach the arguments specific to

4

Weng's allegation of past harm under the family planning policy. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk